CARL G. WAGNER *vs.* ELLA EMILY BENEDICK.

JULY 23, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit based on an alleged oral agreement whereby plaintiff demands compensation for work and labor which he claims he performed, in accordance with such agreement, on and about certain real estate belonging to defendant. Defendant pleaded non assumpsit. On that issue the case was tried to a jury in the superior court, which returned a verdict for the defendant. Thereupon plaintiff filed a motion for a new trial, which was denied by the trial justice. Plaintiff excepted to such denial and has duly prosecuted the case here solely on that exception.

Plaintiff contends that the verdict fails to respond to the merits of the controversy and that the trial justice erred in approving it. It is not contended that he erred in any other manner in weighing the conflicting evidence. In such circumstances his ruling is entitled, on review by this court, to great weight and will not be disturbed unless it is clearly wrong. *McSoley* v. *Hogan*, 70 R. I. 470. If, after examining the transcript, we find that the evidence very strongly preponderates against the verdict we set it aside notwithstanding its approval by the trial justice. *McMahon* v. *Rhode Island Co.*, 32 R. I. 237, 240. Here the immediate question for our determination is whether the evidence thus preponderates against the verdict.

From our reading of the transcript we cannot say that the trial justice was clearly wrong in approving the verdict. The evidence was sharply conflicting and was to a marked degree dependent for its weight on the credibility of the witnesses. Plaintiff testified that he came to defendant's rooming house on April 15, 1941 and that she agreed to give him room and board and $20 a week for doing general repair work around the house. He further testified that thereafter in accordance with such agreement he did various painting, carpentering, plumbing and other repair jobs on and about the house without receiving any compensation therefor, except $180 which defendant paid to him in sums

of $10 from time to time, but his testimony was indefinite as to the time when he received each sum.

Defendant categorically denied that she made such an agreement. She testified that when plaintiff first came to her house she gave him a room; that he never paid rent but helped around the house; that she gave him $10 a week for his assistance during the last two and a half years, except when he was employed by other persons at his regular work outside earning wages; and that plaintiff had never claimed that she owed him any money until after he had left her house as a result of an altercation with her.

Plaintiff presented a witness who roomed in defendant's house from July 1942 to May 1943 and who testified that in August 1942 he had heard defendant say that she paid plaintiff $20 a week and gave him his room and board in return for his work around the house, and that plaintiff replied at that time: "You say you pay me but I never collect anything." Defendant denied that any such conversation took place.

Another roomer in the house from 1941 to 1944 testified for the plaintiff that he had seen him doing general repair work around the place, including some plumbing, painting, and cleaning of rooms. The other roomer had also testified to seeing plaintiff working from time to time around the house, but all their testimony on this point was very general and lacking in definiteness. Both of these roomers worked every day in a candy factory from 7:30 a.m. until 5 p.m.

Another roomer, Mrs. Bella Askins, testified for the defendant. She roomed in the house from August 1943 until the end of 1945 and was around practically every day until six o'clock in the evening when she would leave to go to her employment in a theater. She testified that she saw plaintiff around the house reading the paper, making beds, sweeping, and washing dishes, but that she never saw him doing any painting, papering or repair work on the premises. She further testified that his room was on the same floor as hers and although she had an opportunity to

observe him closely she had never seen him doing anything but light housework.

In our opinion the above summary of the evidence contains the most significant portions which bear directly upon the issues. In his bill of particulars the plaintiff stated that he worked from November 1, 1942 to November 1, 1945; that at various times from November 1, 1942 to the date of his writ defendant promised to pay him; and that he spent twenty-four hours every day from November 1, 1942 to November 1, 1945 on call by defendant and that he worked ten hours each day during that period. By their verdict the jury must have found that he had not proved those statements.

In determining whether the jury's verdict responded truly to the merits of the controversy the trial justice had the benefit of seeing the witnesses as they testified and noting their general demeanor and specific reactions while under examination and cross-examination. That is of great assistance in a case like the one at bar where the determination of the veracity of the parties and their witnesses is so important in deciding on which side the weight of the credible evidence lies. *Berarducci* v. *Sarcione,* 55 R. I. 398.

In passing upon the correctness of the trial justice's decision we have only the transcript of the testimony, and are thus at a disadvantage in determining the credibility of the witnesses. We have found nothing in the transcript which would justify us nevertheless in saying that the plaintiff and his witnesses are credible and the defendant and her witness are not. Apparently the jury and the trial justice did not believe the plaintiff and his witnesses. Whether, if we were in their position, we would have found otherwise is beside the point. Their view of the evidence was not unreasonable. That being so we cannot fairly say from a mere reading of the transcript that the evidence very strongly preponderates against the verdict. Hence we are of the opinion that the trial justice's denial of the motion for a new trial was not clearly wrong.

The plaintiff's exception is overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*Goldberg & Goldberg, Philip B. Goldberg, George Ajootian,* for plaintiff.

*Edmund J. Kelly, Joseph A. Mackey,* for defendant.